Opinion filed June 13, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00289-CR

_____

## DWIGHT LEE MAHAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 16449**

## MEMORANDUM OPINION

Appellant, Dwight Lee Mahan, waived a jury and entered an open plea of guilty to the offense of burglary of a habitation. Appellant also pleaded true to two felony enhancement allegations, and the trial court ordered a presentence investigation report. The trial court convicted Appellant, found the habitual-offender enhancement allegations to be true, and assessed Appellant's punishment at confinement for fifty-five years. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is without merit as there are no arguable issues to raise in this appeal. Counsel has provided Appellant with a copy of the brief, the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. With one exception, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). Counsel has not yet informed Appellant of his pro se right to seek discretionary review in the Court of Criminal Appeals should this court agree that this appeal is frivolous. *See Kelly*, 436 S.W.3d at 319.

Appellant filed a response to counsel's *Anders* brief. We have reviewed Appellant's *Anders* response. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility to advise Appellant of his right to file a pro se petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See Kelly*, 436 S.W.3d at 319; *see*

2

*also* TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

We grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

PER CURIAM

June 13, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.